UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00174-MOC-DSC

| | | |
|---|---|---|
| **FLEXTRONICS INTERNATIONAL USA, INC.** | ) | |
| **401(K) PLAN; FLEXTRONICS** | ) | |
| **INTERNATIONAL USA, INC,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | ORDER OF DISMISSAL and |
| | ) | JUDGMENT |
| | ) | |
| **SHERRY INEZ BAILEY VALENTINE; AND** | ) | |
| **MALCOLM M. VALENTINE,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on plaintiffs' Motion for Discharge from Further Liability, Permanent Injunction, Attorneys' Fees and Costs, and Dismissal (#15) and defendant Sherry Inez Bailey-Valentine's Motion for Default Judgment (#17).

Review of the pleadings reveals that despite being properly served with process, defendant Malcolm M. Valentine has not answered, moved, or otherwise responded to the Complaint of interpleader in this action. Further review of the pleadings reveals that the Clerk of Court has properly entered Mr. Valentine's default and despite the passage of some 14 days since Entry of Default, Mr. valentine has not moved or otherwise petitioned the court to set aside the default.

Further review of the pleadings, which has included the Complaint, Ms. Bailey-Valentine's Answer and Motion for Default Judgment, and plaintiffs' Motion for Discharge clearly shows that Ms. Bailey-Valentine is entitled to the sums interpleaded into the court. She

has shown that under the 401(k) Plan, the surviving spouse is entitled to the proceeds of such account unless the surviving spouse had executed an agreement during the worker's lifetime providing that another person should be the beneficiary. No such designation of third-party beneficiary is found anywhere in this record.

Finding that Ms. Bailey-Valentine is in fact the surviving spouse, that the plan designates her as the beneficiary, and that not even a suggestion is made on the record that the above mentioned form was ever executed by her, the court determines that she is entitled to the relief she seeks in the form of a Default Judgment for the amount interpled into the court, less plaintiffs' fees and costs. While Hickmon & Perrin, P.C., have asked that the check be made out to them as counsel for Defendant Sherry Inez Bailey-Valentine, the court will leave it to the sound discretion of the Clerk of this Court to make out the payees of the check as the financial rules of the Administrative Office may provide.

Finally, the court has carefully considered plaintiffs' motion seeking discharge, dismissal, injunctive relief, and fees and costs and determines that all such relief is facially reasonable. Further, Ms. Bailey-Valentine, who is entitled to the proceeds, does not object to the relief sought by plaintiffs.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1) plaintiffs' Motion for Discharge from Further Liability, Permanent Injunction, Attorneys' Fees and Costs, and Dismissal (#15) is **GRANTED**, as follows:

   (a) Plaintiffs, as disinterested stakeholders, have fulfilled their obligations concerning

the 401(k) plan benefits at issue in this case by depositing the sum of $131,884.38 into the Court's registry;

(b) Defendants in interpleader, Malcolm M. Valentine, individually and as Personal Representative of the Estate of Clyde Valentine, and Sherry Inez Bailey Valentine, are permanently enjoined and restrained from instituting or prosecuting any action or proceeding against Plaintiffs, the Plan and Flextronics International USA, Inc. in any state or United States court for the 401(k) plan benefits payable as a consequence of the death of Clyde Valentine, except by way of interpleader in this action;

(c) Plaintiffs are discharged from any and all further liability related to the 401(k) plan benefits at issue in this case;

(d) Plaintiffs are entitled to an award of attorneys' fees in the amount of $4,924.80 and costs in the amount of $697.70, said amounts to be paid to Plaintiffs by the Clerk of Court from the interpleader funds previously deposited into the Court's registry;

(e) Plaintiffs are exempted from having to further participate in the proceedings before this Court and are, hereby, **DISMISSED WITH PREJUDICE** from this case; and

(2) defendant Sherry Inez Bailey-Valentine's Motion for Default Judgment (#17) is **GRANTED.**

## DEFAULT JUDGMENT

**IT IS, THEREFORE, ORDERED, ADJUDGED**, and **DECREED** that **JUDGMENT** be and hereby is entered:

(1) in favor of plaintiffs **FLEXTRONICS INTERNATIONAL USA, INC. 401(K) PLAN and FLEXTRONICS INTERNATIONAL USA, INC.,** a Judgment of Discharge, Dismissal, and Injunction, as hereinabove set forth, and further providing that plaintiffs have and recover from funds interpleaded the amounts of $4,924.80 for attorneys' fees and the amount of $697.70 as costs;

(2) in favor of defendant **SHERRY INEZ BAILEY-VALENTINE** providing that after such deduction of plaintiffs' fees and costs, she have and take of all of the remaining funds interpleaded into this Court by plaintiffs; and

(3) against defendant **MALCOLM M. VALENTINE,** individually and as the Personal Representative of the Estate of Clyde Valentine**,** a **JUDGMENT OF DEFAULT** providing that he have and take nothing of plaintiffs, his co-defendant in interpleader, or the funds so interpleaded.

Signed: October 14, 2014

Max O. Cogburn Jr.
United States District Judge